PER CURIAM.
The petitioners, L.M. and A.L., seek a writ of certiorari quashing the trial court’s “Order on Petitioners Verified Petition for Adoption,” filed December 4, 2009. For the reasons that follow, we grant the petition, quash the order under review, and remand for a hearing forthwith to determine whether the petitioners’ Amended Verified Petition for Adoption complies with section 117.05(5)-(5)(b)(l), Florida Statutes (2009).
L.M. and his wife, A.L., filed a Verified Petition for Adoption of the child, J.A.M.L. The order under review dismissed the verified petition with leave to amend, finding, in part, that the foreign birth mother’s consent for adoption and relinquishment of parental rights was invalid because it did not have an “acknowledgment signed and sealed by a U.S. consular official.” The trial court acknowledged that section 92.50(3), Florida Statutes (2009), does not require that an oath, affidavit, and ac-knowledgement in a foreign country be before a United States consular official, but found that this Court’s decision in Defense Control USA, Inc. v. Atlantis
*838 Consultants Limited Corp., 4 So.3d 694 (Fla. 3d DCA 2009), requires it. Specifically, the trial court relied upon the following language in Defense Control:
Declarations are sanctioned by the federal statute and by Florida statute section 92.525(2), requiring a signed written statement made under penalties of perjury, while “affidavits” are governed by a separate Florida law, section 92.50, requiring a separate acknowledgment signed and sealed by a notary, judicial officer, or (if executed in a foreign country) a U.S. consular official.
Id. at 698 (emphasis added).
The trial court misinterpreted this Court’s decision in Defense Control, and therefore, departed from the essential requirements of law. Defense Control does not require that an acknowledgment in an affidavit, which is executed in a foreign country, be “signed and sealed” by a U.S. consular official. Rather, the language was intended to mean that if an affidavit is executed in a foreign country, one option is to have it acknowledged by a U.S. consular official — not that it must be “signed and sealed” by a U.S. consular official. This Court’s decision in Defense Control complies with section 92.50(3), which provides as follows:
(3) IN FOREIGN COUNTRIES.— Oaths, affidavits, and acknowledgments, required or authorized by the laws of this state, may be taken or administered in any foreign country, by or before any judge or justice of a court of last resort, any notary public of such foreign country, any minister, consul general, charge d’affaires, or consul of the United States resident in such country. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of the officer or person taking or administering the same; provided, however, when taken or administered by or before any judge or justice of a court of last resort, the seal of such court may be affixed as the seal of such judge or justice.
Because the trial court departed from the essential requirements of law by concluding that the foreign birth mother’s consent for adoption and relinquishment of parental rights was invalid, we grant the petition, and quash the order under review.
In denying the Verified Petition for Adoption, the trial court also found that the verification and acknowledgment of A.L.’s signature did not comply with section 117.05(5)-(5)(b)(1), Florida Statutes (2009). The appendix to petitioners’ writ of certiorari includes a draft of their Amended Verified Petition for Adoption, which includes a verification and acknowledgment of A.L.’s signature and two affidavits from individuals purporting to satisfy the requirements of section 117.05(5)-(5)(b)(l). Accordingly, we remand for a hearing forthwith to address the Amended Verified Petition for Adoption, and we further order that the hearing be conducted forthwith because J.A.M.L. turns sixteen on December 10, 2009, after which time he will be ineligible to exercise his right under federal immigration law to seek to obtain permanent residency status in the United States as a result of being adopted. See 8 U.S.C. § 1101(b)(1)(E).
Accordingly, we grant the petition for writ of certiorari, quash the order under review, and remand for a hearing consistent with this opinion.